WILLIAM C. LENNON *et al. against* THE MAYOR &c. OF N. Y.

The act of 1872 (L. 1872, c. 580, § 7), providing that certain assessments in the city of New York should not be vacated for any irregularity in publishing notices, &c., did not have the effect of confirming sales theretofore made, for non-payment of assessments which were invalid on account of such irregularities.

In the exercise of its powers in regard to taxation, it was competent for the Legislature to confirm such irregular assessments, and make them valid liens from the time of the passage of the act of 1872.

Where the statute (L. 1871, c. 381, § 4) makes the leases given in the sale of such lands presumptive evidence of the regularity of the sale and all proceedings prior thereto, such a lease, although in fact invalid for irregularity in the prior proceedings, is an apparent cloud on the title to the land which it purports to lease, and the owner of the land may maintain a suit in equity to set it aside, if already executed, or to enjoin the execution, if that is not already done.

APPEAL by both plaintiffs and defendants from a judgment of this court entered on an order made at special term on a demurrer to the complaint. The action was brought by William C. Lennon and W. G. Annan as executors and trustees of the estate of Stacey Pitcher, against the mayor, aldermen and commonalty of the city of New York.

The complaint alleged that an ordinance was adopted by the common council of the city of New York, on December 31st, 1864, directing proceedings to be taken by the corporation counsel, under the act of April 9th, 1813, and the subsequent acts, relative to opening and extending streets in said city, for the purpose of opening and extending Church street from Fulton to Morris streets. That the said ordinance was not published and advertised previously, according to the charter of 1857. That proceedings were taken under the ordinance to open and extend said street, and the work was done and assessments therefor were made and duly entered and confirmed, December 30th, 1867, and plaintiffs' property, among others, was so assessed. That on September 20th, 1871, said property was sold for non-payment of said assessment, pursuant to the act of April 8th, 1871, and that the clerk of arrears was about to execute and deliver leases to the purchasers under said sale.

The relief demanded by plaintiffs was an injunction restraining the corporation from taking any further proceedings to collect such assessment, and that the assessment be declared null and void and be canceled.

Defendant demurred to the complaint on the grounds, (1) That the court had no jurisdiction of the subject of the action; and (2) That the complaint did not state facts sufficient to constitute a cause of action. On the argument of the demurrer, the court, at special term (ROBINSON, J.), overruled it for the reasons stated in the following opinion, delivered by it in a precisely similar case in which Edward Mathews was plaintiff:

" The complaint establishes (the facts stated, with all legal inferences therefrom, being admitted by the demurrer) that the corporation and others, defendants, its officers, under and in pursuance of the act of April 9th, 1813, relating to the opening and extending of streets, and its amendments, and of the act of 1871 relating to the collection of taxes, assessments and Croton water rents, have assumed to extend Church street, from Fulton to Morris street, and to cause the property of the plaintiff to be assessed for the benefit of such extension; that such assessments have become apparent liens thereon, and in September, 1871, the defendants sold, or assumed to sell, the same, for such unpaid assessments, for a long term of years, and threaten to execute leases to the purchasers, against which a permanent injunction is asked by the complaint.

" Certain irregularities are alleged to have been committed by the corporation in matters required by law towards the initiating of such proceeding, to wit, that the original resolution of the board of aldermen authorizing such extension, after having been adopted by that board on the 27th day of December, 1864, was, on the same day, sent to the board of councilmen, and by that board adopted, and approved of by the mayor without its having been first published in all the newspapers employed by the corporation, for at least two days, as required by the charter of the city, passed in 1857 (L. 1857, c. 446, § 7), the omission of which was (*In re Douglass*, 46 N. Y. 42) held by the Court of Appeals to render the proceeding wholly void.

" The act of 1871 (L. 1871, c. 381), which went into effect prior to the assessment sale in question, by section 4 gave the lease, that was authorized to be executed in pursuance thereof, the effect of presumptive evidence that the sale, and all proceedings prior thereto, 'from and including the assessments on said lands and tenements (sold) for taxes or assessments or Croton water rents * * were regular and according to the provisions of the statute in such case made and provided.' The effect of such a lease would be to constitute such an apparent cloud on the title, requiring proof of extrinsic facts to dissipate and remove it, as calls for the intervention of a court of equity (*Scott* v. *Onderdonk*, 14 N. Y. 9 ; *Heywood* v. *The City of Buffalo*, Id. 534 ; *Ward* v. *Dewey*, 16 Id. 519 ; *Hatch* v. *City of Buffalo*, 38 Id. 276 ; *Allen* v. *Same*, 39 Id. 386 ; *Crooke* v. *Andrews*, 40 Id. 547).

" The Legislature has, however, by the act of 1872 (L. 1872, c. 580), entitled 'An act relating to certain local improvements in the city of New York,' attempted to remove objections arising from such defects in the proceedings imposing such assessments, and in section 7 enacts (so far as is material to this question) as follows : '§ 7. No assessment heretofore made or imposed, or which shall hereafter be made or imposed, for any local improvement or other public work in said city already completed, or now being made or performed, shall hereafter be vacated, or set aside for, or by reason of, any omission to advertise or irregularity in advertising any ordinance, resolution, notice or other proceeding relating to or authorizing the improvement or work for which assessments shall have been made or imposed, * * except in cases in which fraud shall be shown, * * *and all assessments for any such improvement or other public work shall be valid and binding, notwithstanding any such omission, irregularity, defect in authority or technicality.*' This enactment attempts, by original action under the exercise of the legislative power of taxation, to make valid assessments that were wholly inoperative and void.

" The Legislature can ordinarily alter and change laws, without injury to existing interests, because they affect future

interests, and to construe them otherwise would be to concede to it judicial powers to pass judgment on their own acts, and give them, by legislative *dicta*, a retroactive effect (Smith's Com. on Con. 291–297; Potter's Dwarris on Statutes, 163, 167). While courts are jealous of any infringement by that body upon the constitutional rights of the citizen, or of any attempt to control or interfere with judicial powers, they still accord full recognition to such legislative enactments as are within the sphere of its power by way of *taxation*.

"The distribution of the expense of public improvements upon particular persons, localities or property, rests peculiarly within its province, and is not the subject of judicial control. The power to tax implies the power to apportion the tax in such manner as the Legislature may see fit, where there is no constitutional restraint (*People ex rel. Griffing* v. *The Mayor &c. of Brooklyn*, 4 N. Y. 419; *Guilford* v. *Supervisors of Chenango*, 13 Id. 143; *Brewster* v. *City of Syracuse* 19 Id. 116).

"In matters of a purely public character, it may, by subsequent legislation, cure any evils and defects arising from an irregular execution of powers previously conferred, but I doubt its power with respect to a tax or assessment laid on persons or property in a manner that is void from defects in the mode of its imposition, to do more than rehabilitate or reestablish it, as of the date when the confirmatory act goes into effect.

"Without so deciding, but, on the contrary, conceding that the act of 1872 cured the defects in the imposition of the assessment upon plaintiff's property, it gave no validity to sales that had been previously made under void assessments. Had it attempted to give effect to a sale (*in invitum*) of plaintiff's property to a purchaser that was void when made, it would have been in derogation of art. I, § 6 of the State Constitution, which provides that "no person shall be deprived of his property without due process of law."

"A mere legislative enactment is not due process of law, and cannot operate to divest rights of property which had been previously unaffected by any proceeding legally impairing

them, but proceedings imposing a valid tax or assessment, and providing for the future sale of the property assessed for non-payment is such (*Striker* v. *Kelly*, 7 Hill, 9 ; *People ex rel. Griffing* v. *The Mayor, &c. of Brooklyn*, 4 N. Y. 419).

"A demurrer, while admitting the facts stated in the pleading to which it is interposed, can only be sustained where no relief can be granted upon the case presented. Under that disclosed by the complaint, the sale of plaintiff's property under a void assessment divested him of no rights, and being void and unaided by the act of 1872, the intended execution of leases would, under the act of 1871, create a cloud on his title, which ought to be restrained by injunction. Relief to that extent is due to the case stated in the complaint, and this, without consideration of the constitutionality of the act of 1872, or to what further extent it may, if valid, operate in confirming the assessment.

"What further relief may be granted, will be more appropriately considered on future discussion upon application for judgment upon the present complaint, if no answer is interposed, or if it is, on the trial of the entire merits.

"The demurrer is overruled, and judgment given for plaintiff, unless defendants answer in twenty days, on the usual terms (payment of costs of the demurrer)."

Judgment was entered on the demurrer declaring the *sale* of the plaintiff's property invalid, and directing the clerk of arrears to enter a memorandum of the judgment vacating the sale on the record in his office, and the defendant and its officers, the comptroller and clerk of arrears were perpetually enjoined from executing or delivering any lease of the lands pursuant to the terms of the sale. The other relief as to the vacating the assessment and declaring it void, was denied. From the judgment both plaintiff and defendant appealed.

*T. F. Neville*, for plaintiff.

*E. Delafield Smith*, for defendant.

J. F. DALY, J. [after stating the facts of the case].—For the reasons stated in the opinion of the learned justice at special term who heard the cause, I am satisfied that this court has equitable cognizance of this action ; also that the ordinance of the common council was invalid, on account of the failure to advertise it prior to its final passage, as required by the charter of 1857 ; that the assessment imposed upon the plaintiff's lots was invalid for that reason, and that the sale thereunder was unauthorized and void; but that the act of 1872 (L. 1872, c. 580, § 7) had the effect of making the assessment a valid one and a lien upon the property so assessed on and after the date of the passage of such act ; yet that this confirmatory act could not make valid the *sale* which took place when no valid assessment existed. The assessment depending for its validity wholly upon the exercise of the supreme legislative power (the Constitution containing no restriction upon such power in respect of this particular subject), there was no authority for a sale until the act of 1872 (L. 1872, c. 580) was passed, because there was no valid imposition of the tax until that act went into operation, and no lien on plaintiff's property had been then created (see authorities cited in opinion at special term, 7 Hill, 9 ; 4 Comst. 419 ; also *Burch* v. *Newbury*, 10 N. Y. 374). The judgment restraining the execution of a lease and declaring the sale void was therefore proper. But there was no power to declare the assessment invalid, it having been made valid by the act above quoted, from and after the date of that act ; and the relief as to that matter was properly refused.

The judgment should be affirmed.

DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.